UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID MUNGAI NJENGA,

                Petitioner,

v.

ERIC H. HOLDER, Attorney General of the United States,

                Respondent.

Case No. C11-1288-JLR-JPD

REPORT AND RECOMMENDATION

On August 4, 2011, petitioner, proceeding *pro se* and *informa pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the reasonableness of the $50,000 bond imposed by the United States Immigration and Customs Enforcement ("ICE"). Dkt. No. 1. As relief, petitioner requested that the Court order the immigration court to lower the bond amount to $3000 or, in the alternative, schedule him for an evidentiary hearing to determine the reasonableness of the bond and the possibility of other conditions that may be imposed in lieu of bond. *Id*. at 2. On September 16, 2011, however, respondent filed a Return and Motion to Dismiss for Mootness along with documentation which indicates that on September 14, 2011, petitioner posted bond in the amount of $50,000, and was released from immigration custody. Dkt. No. 14. Respondent argues that because petitioner is no longer

REPORT AND RECOMMENDATION
- PAGE 1

detained by ICE, his habeas petition has become moot and should be dismissed for lack of jurisdiction. *Id*.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. "For a habeas petition to continue to present a live controversy after the petitioner's release . . . there must be some remaining collateral consequence that may be redressed by success on the petition." *See Abdala v. Immigration and Naturalization Serv.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (internal quotation marks omitted).

Petitioner requests that the Court retain jurisdiction, arguing that although he has bonded out he cannot afford the $50,000 bond amount. Dkt. No. 15. He requests that the Court order that his bond be reduced to $10,000. *Id*. However, the Court has no jurisdiction to review the discretionary decision regarding the reasonableness of the bond amount, even if petitioner cannot afford to post it. *See* 8 U.S.C. § 1231(a)(3) (providing that "[i]f the alien does not leave or is not removed within the removal period, the alien, pending removal shall be subject to supervision under regulations prescribed by the Attorney General."); 8 C.F.R. § 241.5 (providing that "[a]n officer authorized to issue an order of supervision may require the posting of bond in an amount determined by the officer to be sufficient to ensure compliance with the conditions of the order, including surrender for removal"); *Doan v. INS*, 311 F.3d 1160, 1161 (9th Cir. 2002) ("a bond is well within the kinds of conditions contemplated by the Supreme Court in [*Zadvydas v. Davis*, 533 U.S. 678 (2001)], where the Court observed that 8

C.F.R. § 241.5 (2001) establishes conditions of release."). *See also Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008); 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.") Here, petitioner asks this Court to second-guess the discretionary assessment of the bond amount required to secure his presence at removal. The Court has no authority to reach the merits of this claim.

Because no collateral consequences remain, and there is no relief left to grant on his petition, the Court finds that petitioner's habeas petition is moot and should be dismissed with prejudice. *See Abdala*, 488 F.3d at 1065 (holding that removal mooted habeas challenge to length of detention); *see also Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (finding that because petitioner only requested release from custody and had been released, the court could provide no further relief and the petition was properly dismissed). A proposed Order accompanies this Report and Recommendation.

DATED this 1st day of December, 2011.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge